IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>   Petitioner,<br><br>v.<br><br>ABBAS T. ZADEH,<br><br>   Respondent. | § § § § § § § § § § § § § | Civil Action No. 4:14-cv-106-O |

## ORDER

Before the Court are Respondent's Motion for Reconsideration and Motion to Stay Pending Consideration Thereof (ECF No. 38), filed February 3, 2015; and Petitioner's Response (ECF No. 39), filed February 19, 2015. Respondent did not file a reply. Having considered the motions, the briefing, and the applicable law, the Court finds that the motions should be and are hereby **DENIED**.

### I.   BACKGROUND

On January 31, 2015, this Court entered its Order Accepting the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and Final Judgment in this action. *See* Order, Jan. 31, 2015, ECF No. 36; Final J., ECF No. 37. The Court found that its role in enforcing the administrative subpoena was limited and the Government had met its relatively low burden of showing that the subpoena comported with the basic requirements of enforcement and that enforcement was necessary. *See* Order 6-8, Jan. 31, 2015, ECF No. 36.

On February 3, 2015, Respondent filed his Motion for Reconsideration and Motion to Stay Pending Consideration Thereof, arguing that the Government mischaracterized the evidence concerning the DEA's failure to renew Respondent's DEA certificate. Resp't's Mot. Recons. 1, ECF

No. 38. More specifically, Respondent contends that the DEA's "failure to renew the certificate was retaliatory," and the DEA's investigation is being conducted in bad faith. *Id.* at 4-5. Respondent's motions have been fully briefed and are ripe for adjudication.

## II.   LEGAL STANDARD

A motion to reconsider a judgment or order is generally analyzed under Rule 59(e) or Rule 60(b). *Brush v. Wells Fargo Bank, N.A.*, 911 F. Supp. 2d 445, 479 (S.D. Tex. 2012) (citing *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998)). If a motion for reconsideration is filed within twenty-eight days after the entry of the order, the motion is treated as though it was filed under Rule 59. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (citing *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003)). Here, Respondent's motion was filed within the applicable twenty-eight day time frame, and therefore, the Court will analyze Respondent's motion under Rule 59(e).

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). Further, a Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 479. "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Brush*, 911 F. Supp. 2d at 480 (quoting *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004)); *see also Bank One, Tex., N.A. v. F.D.I.C.*, 16 F. Supp. 2d 698, 713 (N.D. Tex. 1998) (Fitzwater, J.) ("[A] 'manifest error' is an obvious mistake or departure from the truth."). Evidence does not amount to "newly discovered evidence" under Rule 59(e) where a plaintiff could have pursued discovery earlier by proper diligence or asked the court for additional time but did not.

*See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864-65 (5th Cir. 2003); *Molina v. Equistar Chems. LP*, 261 F. App'x 729, 734 (5th Cir. 2008). Also, a Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990)). Courts have significant discretion in deciding whether to grant a motion to reconsider, but the Fifth Circuit has cautioned that a Rule 59(e) motion is "an extraordinary remedy that should be used sparingly." *See Jones v. Stephens*, 998 F. Supp. 2d 529, 2014 WL 470876, at *5 (N.D. Tex. 2014) (Means, J.) (citing *Templet*, 367 F.3d at 479); *see also Riddle v. DynCorp. Int'l Inc.*, 773 F. Supp. 2d 647, 649 (N.D. Tex. 2011) (Lindsay, J.) ("[T]he Fifth Circuit has observed that Rule 59(e) 'favor[s] the denial of motions to alter or amend a judgment.'") (quoting *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)).

### III.   ANALYSIS

#### A.   Motion to Reconsider

Respondent asks this Court to reconsider its Order and Judgment because, he argues, the Court may have been confused by "a mischaracterization as to the facts concerning the DEA's failure to renew Dr. Zadeh's DEA certificate." Resp't's Mot. Recons. 1, ECF No. 38. Further, Respondent contends that the DEA did not approach Respondent to inquire about his health, which is an important inquiry considering that this was the reason the DEA initially denied Respondent's application to renew his DEA certificate. *Id.* at 3. Respondent also argues that the DEA's failure to renew his DEA certificate is retaliatory and indicates that the investigation is being conducted in bad faith. *Id.* at 4-5. The Court previously considered this evidence prior to issuing its Order but determined that the investigation did not constitute an abuse of process. *See* Order 8-9, Jan. 31, 2015,

ECF No. 36. Additionally, although Respondent alleges that the DEA refused to renew Respondent's DEA certificate, it appears that the DEA did in fact approve Respondent's renewal application after Respondent provided some additional information in support of his application. *See* Pet'r's Resp. Mot. Recons. 4-5, ECF No. 39.

The Court finds that Respondent's contentions in the instant motion do not constitute newly discovered evidence or point out a manifest error made by the Court. *See Templet*, 367 F.3d at 478. Instead, the Court finds that Respondent's motion presents evidence, legal theories, and arguments that were raised previously. *See id.* at 479. A Rule 59(e) motion is not the proper vehicle to present such arguments, and Respondent's Motion for Reconsideration must be **DENIED**. *See id.*

### B.  Motion to Stay

Pursuant to Rule 62(b) of the Federal Rules of Civil Procedure, "the court may stay the execution of a judgment—or any proceeding to enforce it—pending disposition of" a motion to alter or amend a judgment under Rule 59. Fed. R. Civ. P. 62(b)(3). While Rule 62(b) grants a district court the authority to stay a judgment while it considers and disposes of Rule 59 motions, Rule 62(b) gives the court no authority to stay the underlying judgment beyond that point. *See In re Zapata Gulf Marine Corp.*, 941 F.2d 293, 295 (5th Cir. 1991). Because the Court disposes of the instant motion under Rule 59 with this Order, the Court finds that ruling on the Motion to Stay pursuant to Rule 62(b) is unnecessary. Accordingly, Respondent's Motion to Stay is **DENIED as moot**.

### IV.  CONCLUSION

Based on the foregoing, Respondent's Motion for Reconsideration and Motion to Stay Pending Consideration Thereof (ECF No. 38) are **DENIED**.

**SO ORDERED** on this **10th day** of **March, 2015**.

4

*[signature: Reed O'Connor]*
Reed O'Connor
UNITED STATES DISTRICT JUDGE